IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 97-20477

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLOYD COLEMAN,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-96-CV-1009)

---

June 17, 1998

Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Federal prisoner Floyd Coleman petitions this court for a certificate of appealability (COA) from the district court's denial of his 28 U.S.C. § 2255 motion. Coleman filed this motion on March 25, 1996, prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Accordingly, because the AEDPA is inapplicable here, Coleman need obtain neither a COA, see United States v. Carter, 117 F.3d 262, 264 (5th Cir. 1997), nor

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a certificate of probable cause (CPC), see United States v. Rocha, 109 F.3d 225, 228 (5th Cir. 1997). Coleman's motion for a COA is therefore DENIED as unnecessary.

On October 25, 1996, the district court denied Coleman's § 2255 motion. Coleman had 60 days to notice an appeal from this denial. See Fed. R. App. P. 4(a). On March 5, 1997, Coleman moved for an out-of-time appeal from this denial, citing excusable neglect as grounds for his motion. The district court denied Coleman an out-of-time appeal, for he failed to file his motion for an out-of-time appeal within 30 days from the expiration of the time allotted for an appeal, as provided by Fed. R. App. P. 4(a)(5). In short, Coleman had 90 days from October 25, 1996, to request an out-of-time appeal. Because he is a prisoner, we treat the date Coleman deposited his motion in the prison mail system -- February 27, 1997 -- as the date he filed a motion for an out-of-time appeal. See Houston v. Lack, 487 U.S. 266 (1988). Even so, his filing on February 27 was more than 90 days from the date that the district court initially denied him § 2255 relief. The district court did not abuse its discretion in denying Coleman leave to file an appeal out-of-time. See Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1202 (5th Cir. 1993).

AFFIRMED.